UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

| | |
|---|---|
| ZANNIS TSAMPAS | JURY TRIAL DEMANDED |
| Plaintiff | |
| -against- | THIRD AMENDED COMPLAINT |
| THE CITY OF NEW YORK; | CIVIL NO: 22 CV 01177 (RPK) (PK) |
| POLICE OFFICER DANIELE PETITO | |
| Defendants | |

_____x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff alleges that the City of New York and New York City Police Officers namely Defendant Police Officer Daniele Petito violated his rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting him. Plaintiff also asserts claims of false arrest and vicarious liability under New York state law. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiff invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false

arrest and vicarious liability which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

5. In connection with plaintiff's claims of false arrest and vicarious liability under state law, a notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has not offered to settle. plaintiff s state law claims.

6. A 50-h hearing was conducted on June 22, 2021.

7. This action is brought within one year and 90 days of the arrest of plaintiff.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of Nassau.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. Defendant Police Officer Daniele Petito was and is a member of the New York City Police Department ("NYPD"). Defendant Petito acted under color of state law and within the scope of her employment as a member of the NYPD at all relevant times herein. Defendant Petito is sued in her individual capacity.

## STATEMENT OF FACTS

11. On December 14, 2020 at approximately 3:00 PM, at 68-02 53 Drive, Maspeth, Queens in the City and State of New York, (hereinafter "premises"). NYPD police officers apprehended the plaintiff and Defendant Daniele Petito arrested the Plaintiff Zannis Tsampas without probable cause.

12. The premises is a two family house. At all times mentioned herein, the premises was owned by Leonidas Tsampas, the plaintiff's father. Leonidas T'sampas was 92 years old at the time the police responded to the premises.

13. Officers from the NYPD arrived at the premises based upon a complaint from a former tenant named Amir Abbasi who complained that he was locked out of his apartment at the premises and that his furnishings and property were stolen.

14. Officers at the scene contacted the plaintiff on his phone and informed him that they were at the premises questioning his 92 year old father because a tenant was requesting access to his apartment at the premises.

15. Fearing his father's safety and health, the plaintiff immediately drove to the premises from his home in Nassau County to assist his father who was being aggressively questioned by police officers.

16. Plaintiff and his father explained to the officers that the complaining tenant was a month to month tenant, with no written lease who had not paid rent for approximately one half of a year.

17. The police officers were made aware by the plaintiff and his father that the tenant was served with a legal papers reflecting that he was evicted for non-payment of rent and thereafter the tenant abandoned the apartment on or about July or August 2020.

18. The police officers were made aware by the plaintiff and his father that the. tenant ignored all forms of communication with the plaintiff and his father and legal counsel and disappeared for more than four months.

19. The police officers were also informed that when the plaintiff and his father entered the apartment at the premises, the apartment walls, appurtenances, interior and furnishings were damaged and destroyed by the tenant.

20. Defendant Petito without knowing the status of the civil proceedings or bothering to investigate illegally arrested the plaintiff who had no legal ownership of the premises and no legal connection with the premises.

21. Incident to his arrest, Petito illegally searched, handcuffed and transported Plaintiff to the precinct where he was placed in a holding cell for hours. Subsequently, he was transported to Queens Central Booking where he was placed in a holding cell with many other inmates which proper PPE during the height of the pandemic.

22. Plaintiff advised officers that he had cancer and diabetes but the police. ignored this fact and placed him in a cell with many other inmates violating the regulations imposed by the local, state and federal government regarding Covid-19 safety protocols.

23. Plaintiff was falsely imprisoned for approximately twenty-four hours before he was released because the Queens County District Attorney interviewed the arresting Officer(s) and determined rightly that the police had unlawfully and wrongly arrested the plaintiff and the Queens District Attorney declined to prosecute the plaintiff.

## FIRST CLAIM

### (42 U.S.C. Section 1983; FALSE ARREST)

24. Plaintiff repeats the foregoing allegations.

25. Defendants acting under color of state law, arrested and imprisoned plaintiff without legal justification or probable cause in violation of 42 U.S.C § 1983 and the Fourth Amendment.

26. Defendant intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiffs confinement was not privileged or lawful.

27. Defendants' conduct caused plaintiff to suffer a loss of liberty, emotional distress, financial loss, damage to his reputation and other personal injuries.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (FALSE ARREST UNDER N.Y. STATE LAW)

29. Plaintiff repeats the foregoing allegations.

30. The City of New York and Defendant Petito acting within the scope of her employment as member of the NYPD, arrested and imprisoned

plaintiff without legal justification or probable cause in violation of New York State law.

31. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

32. The City of New York is vicariously liable to plaintiff.

33. Defendants' conduct caused plaintiff to suffer a loss of liberty, emotional distress, financial loss, damage to his reputation and other personal injuries. Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the. defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as the Court may deem just and proper.

DATED: January 20, 2023

/s/ Edward J. Muccini

EDWARD J. MUCCINI
Law Office of Edward J.Muccini PC
Attorney at Law
24203 Northern Blvd
Douglaston New York 11363
(718)225-0205

7